IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SOUND ENERGY COMPANY, INC.**, *et al.*,

    **Plaintiffs,**

v.

**ASCENT RESOURCES – UTICA, LLC**, *et al.*,

    **Defendants.**

Civil Action 2:18-cv-1771
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion of Defendant Ascent Resources – Utica, LLC to Compel Plaintiffs' Production of Revenue and Expense Information for the McClelland No. 2 Well (ECF No. 91 (the "Motion to Compel")) and Plaintiffs' Response in Opposition to the Motion to Compel of Ascent Resources – Utica, LLC (ECF No. 94 (the "Opposition").)[1]  For the reasons that follow, the Motion to Compel (ECF No. 91) is **DENIED**.

On April 25, 2022, Defendant Ascent filed the subject Motion to Compel, seeking "information regarding revenue, costs, and expenses related to the oil and gas lease dated November 2, 1972 from Rex C. Murray and Cecilia Murray to Resource Exploration Inc. (the "Murray Lease")," which relates to the McClelland No. 2 Well (API No. 3405921755).  (ECF No. 91.)  Ascent argues that this information "is relevant to Ascent's affirmative defense that the Sound Energy Leases for which Plaintiffs assert their right to overriding royalty interests expired for lack of production in paying quantities and for lack of operations on the leased premises

---

[1] Defendant Ascent Resources – Utica, LLC ("Ascent') did not file a Reply memorandum in support of the Motion to Compel.

sufficient to return the leased premises to production within a reasonable time" (*Id.* at PAGEID # 5611.) Ascent maintains that it requested such information in July 2019, but Plaintiffs did not produce the information. (*Id.*) Ascent argues that it was unaware of Plaintiffs' incomplete document production until the second round of summary judgment briefing, and concludes that "[r]egardless of why Plaintiffs withheld the responsive documents from their document production, this Court should recognize the purpose and intent of the Federal Rules of Civil Procedure relative to discovery and issue an order compelling Plaintiffs to produce revenue and expense information for the McClelland No. 2 Well." (*Id.* at PAGEID ## 5618-5619.)

In response, Plaintiffs first argue that Ascent's Motion is untimely because it was filed 798 days after the close of discovery, and that Ascent "knew (or should have known) during the discovery period that Plaintiffs had not provided information for the McClelland No. 2 [Well]." (ECF No. 94 at PAGEID ## 5662-5663.) Plaintiffs also note that in the Court's March 29, 2022 Opinion and Order on the second round of summary judgment briefing, the Court held that "[t]o the extent Ascent argues that the Murray Lease is at issue in this litigation, the Court finds such argument to be untimely and inconsistent not only with the first round of summary judgment briefing but also Ascent's [second motion for summary judgment]." (ECF No. 86 at PAGEID # 5596 n.4.) Plaintiffs therefore argue that "Ascent's Motion is simply an inappropriate attempt to re-open discovery and expand Ascent's affirmative defenses," and that "[b]ecause Ascent's paying quantities defense is . . . limited to the four Londonderry Wells, it necessarily means that the McClelland No. 2 [Well] is not relevant to Ascent's paying quantities defense." (ECF No. 94 at PAGEID # 5664.) Plaintiffs also contend that Ascent "never requested this information during discovery," and maintain that Ascent has repeatedly confirmed (on its own and through its

2

expert) that the McClelland No. 2 Well is not at issue in this case. (*Id.* at PAGEID ## 5664-5665.)

As a preliminary matter, the Court agrees with Plaintiffs that the Motion to Compel is (very) untimely, as the discovery period closed in this case on February 17, 2020, 798 days before Ascent filed the subject Motion to Compel. (*See* ECF No. 32.) Ascent argues that "Plaintiffs made an incomplete document production, and the oversight never came to light until after the close of discovery during summary judgment briefing, necessitating the instant motion," but Ascent otherwise fails to provide any reason why the Court should overlook the 798-day delay in filing the subject Motion. (*Id.* at PAGEID # 5618.)

Courts are reluctant to consider motions to compel filed after the close of discovery. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642–43 (6th Cir. 2018) (collecting cases). But that said, courts retain the discretion to do so where "special circumstances" justify their tardiness. *Stewart v. Neil*, No. 1:16-CV-1056, 2021 WL 1192741, at *5 (S.D. Ohio Mar. 30, 2021) (citing *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08-CV-408, 2015 WL 6157915, at *5 (S.D. Ohio Oct. 20, 2015); *Nathan v. Ohio State Univ.*, No. 2:10-CV-872, 2012 WL 5342711, at *7 (S.D. Ohio Oct. 29, 2012); *see also Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012) ("The district court has discretion to consider an untimely motion to compel if the movant offers an acceptable explanation for the motion's tardiness.") (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002))).

Under the present circumstances, the Court finds that Ascent has not articulated an acceptable explanation for the delay in filing the Motion to Compel. Ascent seeks "[a] complete response to Interrogatory No. 4 and a complete production in response to Request for Production No. 6," two discovery requests which Ascent served on Plaintiffs on July 26, 2019. (*See* ECF

3

No. 91 at PAGEID # 5618; ECF Nos. 91-1.)  Ascent argues that because these requests sought information and documents related to the "Sound Energy Leases," they implicated the Murray Lease, which "could only be maintained in force and effect by sufficient production from the McClelland No. 2 Well."[2]  (ECF No. 91 at PAGEID # 5617.)

But Ascent fails to explain why Plaintiffs' allegedly insufficient discovery responses "never came to light until after the close of discovery during summary judgment briefing."  (*Id.* at PAGEID # 5618.)  To this end, the Court notes that Plaintiffs responded to Ascent's discovery requests on September 17, 2019.  (ECF No. 91-2.)  After Plaintiffs responded to the subject discovery requests, the parties sought – and the Court granted – two additional extensions to the discovery period.  (*See* ECF Nos. 28 (extending the discovery period through January 17, 2020), 32 (extending the discovery period through February 17, 2020).)  Accordingly, Ascent had 153 days after Plaintiffs responded to the subject requests before the discovery period closed, and nothing prevented Ascent from seeking supplementation or clarification from Plaintiffs during those five months.  The Court also notes that Ascent did not seek to compel additional discovery after the Court's March 23, 2021 Opinion and Order on the first round of summary judgment briefing, during which the Court noted that it "[could not] rule on summary judgment with such an incomplete presentation of the record."  (ECF No. 77 at PAGEID # 4362.)[3]

---

[2] The Court finds this argument weak, at best, in light of how Ascent has litigated this case, as Plaintiffs persuasively detailed in their Opposition.  (*See* ECF No. 94 at PAGEID ## 5664-5665.)  Regardless, the Court will assume for the sake of the argument, without agreeing one way or the other, that Ascent had properly requested such information regarding the McClelland No. 2 Well when it served its discovery requests on July 26, 2019.

[3] In that same Opinion and Order, the Court directed the parties to "confirm which of the Sound Energy Leases are relevant to the Londonderry Wells."  (*Id.* at PAGEID # 4364.)  In response, Ascent's second motion for summary judgment identified five leases and four wells which are at issue in this case and did not mention the Murray Lease or the McClelland No. 2 Well.  (ECF No. 80 at PAGEID ## 4716-4718 (discussing the "Leases and Wells at Issue").)

Indeed, Ascent never moved to compel additional discovery from Plaintiffs until April 25, 2022, after the Court's ruling on the second round of summary judgment briefing, a whopping 951 days after Plaintiffs' production.  (ECF No. 91.)  Accordingly, the Court finds that no special circumstances are present to excuse Ascent's tardiness in filing the subject Motion, and the Court finds it inappropriate to re-open discovery on the eve of trial.  *McNamee v. Nationstar Mortg., LLC*, No. 2:14-CV-1948, 2021 WL 5339533, at *4 (S.D. Ohio May 17, 2021) (Denying an untimely motion to compel where "the circumstances on which Plaintiff relies are not special and would not have prevented him from seeking to compel further discovery responses before the deadline expired.").

Additionally, Ascent's request is not well taken given the Court's recent Opinion and Order, which indicated in relevant part that "[t]o the extent Ascent argues that the Murray Lease is at issue in this litigation, the Court finds such argument to be untimely and inconsistent not only with the first round of summary judgment briefing but also with Ascent's [second motion for summary judgment]."  (ECF No. 86 at PAGEID # 5596 n.4.)  Even if the Court believed that Ascent properly requested this information during discovery, and that special circumstances existed to overlook Ascent's tardiness, Ascent still would fail to meet its burden because the information sought is irrelevant to the four Londonderry Wells which the Court has ruled are at issue.  *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) ("The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.") (citation omitted).  The Court will not entertain Ascent's second attempt to expand the scope of this case.

Accordingly, the Motion of Defendant Ascent Resources – Utica, LLC to Compel Plaintiffs' Production of Revenue and Expense Information for the McClelland No. 2 Well, ECF No. 91, is **DENIED**.[4]

**IT IS SO ORDERED.**

Date: June 14, 2022                              /s/ *Elizabeth A. Preston Deavers*
                                                 **ELIZABETH A. PRESTON DEAVERS**
                                                 **UNITED STATES MAGISTRATE JUDGE**

---

[4] Given the Court's invitation to brief this issue, ECF No. 90, the Motion to Compel was substantially justified. Plaintiffs' request for attorneys' fees associated with the Motion to Compel is therefore not well taken. *See* Fed. R. Civ. P. 37(a)(5)(B).